UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| GEORGETTE G. PURNELL, | Case No. 1:19-cv-00210-DAD-BAM |
|---|---|
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |
| v. | |
| R.T. MORA, et al., | (Doc. No. 1) |
| Defendants. | **THIRTY (30) DAY DEADLINE** |

Plaintiff Georgette G. Purnell ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against Fresno County Police Officers R.T. Mora, Hodge, N. Cruz, and B. Phelps ("Defendants"), alleging violation of her civil rights under 42 U.S.C. § 1983. (Doc. Nos. 1, 5-6.) Plaintiff's complaint is currently before the Court for screening.

**I.     Screening Requirement and Standard**

The Court screens complaints brought by litigants proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

1

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss,* 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff's complaint alleges that she was stopped by Officer R.T. Mora while driving her car in Fresno, California on August 30, 2018. During the stop, Officer Mora questioned Plaintiff regarding her license plate. In response, Plaintiff attempted to produce documents from her vehicle purportedly showing that another officer had recently informed her that she had six months to take care of her registration and/or license plate. Officer Mora "viciously" knocked her documents from her hands and used a racial slur, indicating that he did not want to see Plaintiff's documents. Plaintiff alleges that Officer Mora then grabbed her arm and "viciously twisted it to the point of . . . excruciating pain[]" and Plaintiff cried out. Officers Cruz, Phelps, and Hodge, as well as non-defendant Officer Ruiz, were allegedly present during these events and did nothing to stop Officer Mora. Paramedics were called and Plaintiff was treated on the scene for a sprained arm. Plaintiff alleges that she continues to feel pain in her arm and has also experienced sleepless nights and loss of appetite since the incident. The exhibits to the complaint indicate that, at the time of the underlying incident, Officer Cruz issued notices to appear to Plaintiff for driving with an expired registration in violation of California Vehicle Code § 4000(a)(1) and resisting arrest in violation of California Penal Code § 148.

Plaintiff's complaint sets forth claims under 42 U.S.C. § 1983 for violation of her "right to be free from excessive force by law enforcement," her "right to be free from racial insults," and "4th Amendment United States Constitution Prohibition." Plaintiff seeks compensatory damages in the amount of one million dollars from each Defendant, punitive damages in the amount of one million dollars from each Defendant, as well as the imposition of "necessary measures such as training to ensure these illegal acts does not ever occur again."

**III.     Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  As Plaintiff is proceeding pro se, she will be granted leave to amend her complaint to cure the identified deficiencies to the extent she can do so in good faith.  To assist Plaintiff, the Court provides the pleading and legal standards that appear relevant to her allegations.

**A.     Federal Rule of Civil Procedure 8**

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency,* 733 F.2d 646, 649 (9th Cir.1984). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." *Twombly,* 550 U.S. at 555.

Plaintiff's complaint is short but it is unclear which claim is asserted against which Defendant.  The complaint does not set forth the factual basis for each of the asserted claims with respect to each Defendant.  Moreover, the nature of the claims Plaintiff intends to pursue are unclear.  For example, in example, addition to her claim for violation of "the right to be free from excessive force by law enforcement[,]" Plaintiff also alleges a violation of her rights under "4th Amendment United States Constitution Prohibition."  (Doc. No. 1 at 3.)  It is not clear if these claims are duplicative of each other or if Plaintiff claims other unidentified Fourth Amendment rights were violated beyond her right to be free from excessive force.  As a result, the Court cannot assess which claims Plaintiff intends to pursue, which Defendant is alleged to be involved, or whether Plaintiff has stated a cognizable claim for relief.

Plaintiff must submit a complaint to the Court that meets the requirements of Rule 8.  If Plaintiff amends her complaint, she should link each Defendant to a deprivation of a constitutional right.  Plaintiff's amended complaint need not and should not be lengthy, Fed. R.

3

Civ. P. 8(a)(2), but it must specify what each Defendant did or did not do that led to the violation of Plaintiff's rights. Conclusory assertions of personal involvement or liability will not suffice. *Iqbal,* 556 U.S. at 677-679. Any amended complaint should include a short and plain statement of her claims and factual allegations identifying what happened, when it happened and who was involved. Plaintiff shall separate her claims so that it is clear what her claims are and which Defendants allegedly violated her rights. For each claim, Plaintiff shall clearly and succinctly set forth the facts that Plaintiff believes give rise to the claim.

**B.     Section 1983**

Plaintiff's complaint generally asserts claims for deprivation of her federal constitutional or statutory rights under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.,* 811 F.2d 1243, 1245 (9th Cir.1987).

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," *Pearson v. Callahan,* 555 U.S. 223, 231 (2009), and protects "all but the plainly incompetent or those who knowingly violate the law," *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

**1.     Officer Mora—Excessive Force**

Plaintiff appears to allege that Officer Mora violated her "right to be free from excessive force by law enforcement officers." The use of excessive force by law enforcement officers in effectuating an arrest states a valid claim under section 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986). A claim that a law enforcement officer used excessive force

4

in the course of an arrest or investigatory stop of a free citizen is analyzed under the Fourth Amendment reasonableness standard. *Graham v. Connor,* 490 U.S. 386, 394–95 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet,* 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham,* 490 U.S. at 397), *cert. denied*, 545 U.S. 1128 (2005).

"The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham,* 490 U.S. at 397 (citation omitted). Reasonableness must be assessed from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and must allow for the fact that "police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Graham,* 490 U.S. 397. The relevant factors in the Fourth Amendment reasonableness inquiry include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396. While these are the most common considerations, they are not "a magical on/off switch that triggers rigid preconditions" to determine whether an officer's conduct constituted excessive force. *Scott v. Harris,* 550 U.S. 372 (2007). Consequently, courts consider other factors, such as the availability of alternative methods of capturing or detaining the suspect in determining reasonableness. *Chew v. Gates,* 27 F.3d 1432, 1441 (9th Cir.1994), *cert. denied*, 513 U.S. 1148 (1995).

Plaintiff alleges that she attempted to show Officer Mora documentation in response to questioning regarding her registration and he "viciously" knocked her documents from her hands,

5

grabbed her arm, and "viciously twisted it to the point of . . . excruciating pain[]" at which time Plaintiff cried out. An ambulance was called, and Plaintiff was treated on the scene for a sprained arm. The complaint also states that Plaintiff was cited for resisting arrest.

The Court finds that these allegations as pled fail to state a cognizable claim for the use of excessive force in violation of the Fourth Amendment because Plaintiff does not sufficiently plead facts to show that Officer Mora's actions were objectively unreasonable under the circumstances. While Plaintiff alleges that she had "done nothing to warrant such actions[,]" Plaintiff's complaint also indicates that she was cited for resisting arrest. *See Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.") It is therefore not clear whether Plaintiff posed an immediate threat to the safety of the officers or others or was actively resisting arrest or attempting to evade arrest by flight at the time the underlying arm twisting incident occurred. From the allegations as pled, the Court cannot determine whether Plaintiff has alleged sufficient facts to support the plausible conclusion that the degree of force used by Officer Mora was unreasonable given the circumstances.

**2. Officers Cruz, Phelps, and Hodge—Excessive Force**

It is not clear from the complaint whether Plaintiff intends to assert a claim against Officers Cruz, Phelps, and Hodge for direct participation in the alleged excessive force. Section 1983 provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services,* 436 U.S. 658 (1978); *Rizzo v. Goode,* 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act,

participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978). To state a claim, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *Iqbal,* 556 U.S. at 677-678; *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020–21 (9th Cir.2010). There must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. *Rizzo v. Goode,* 423 U.S. at 371. Under section 1983, Plaintiff is required to show that (1) each Defendant acted under color of state law and (2) each Defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir.2006). Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. *Jones,* 297 F.3d at 934. There is no *respondeat superior* liability under section 1983, and therefore, each Defendant is only liable for his or her own misconduct. *Iqbal,* 556 U.S. at 675-677.

Plaintiff does not link Officers Cruz, Phelps, and Hodge to any direct participation in any alleged excessive force. The complaint does not allege that Officers Cruz, Phelps, or Hodge grabbed or twisted her arm or otherwise used any force against her. Accordingly, Plaintiff fails to state a claim against Officers Cruz, Phelps, and Hodge for any direct involvement in the alleged use of excessive force against her in violation of her Fourth Amendment rights. *See Johnson,* 588 F.2d at 743 (requiring causal connection between acts or omissions of defendant and constitutional deprivation).

### 3. Officers Cruz, Phelps, and Hodge—Failure to Intercede

The complaint alleges that Officer Mora "viciously twisted" Plaintiff's arm while "[t]he remaining defendants just looked on, and . . . did nothing to stop him." Plaintiff is proceeding *pro se* and her complaint is to be liberally construed. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). Accordingly, the Court will consider whether Plaintiff has adequately alleged a claim arising under the Fourth Amendment against Officers Cruz, Phelps, and Hodge for their failure to intercede.

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000), *as amended* (Oct. 31, 2000) (*citing United States v. Koon,* 34 F.3d 1416, 1447 n. 25 (9th Cir.1994), *rev'd on other grounds,* 518 U.S. 81 (1996)). Therefore, an officer may be held liable for failing to intercede when his fellow officer uses excessive force. *See Cunningham,* 229 F.3d at 1289*; Garlick v. County of Kern,* 167 F.Supp.3d 1117, 1161 (E.D. Cal. 2016). However, an officer can only be held liable for failing to intercede of the officer had a "realistic opportunity" to intercede. *Cunningham,* 228 F.3d at 1290; *Garlick,* 167 F.Supp.3d at 1161. Officers who are not present at the time of a constitutional violation have no realistic opportunity to intercede. *Cunningham,* 228 F.3d at 1290. "In addition, if a constitutional violation occurs too quickly, there may no realistic opportunity to intercede to prevent the violation." *Freeland v. Sacramento City Police Dep't,* 2010 WL 409838, at *5 (E.D. Cal. Jan. 29, 2010) (*citing Knapps v. City of Oakland,* 647 F.Supp.2d 1129, 1159-60 (N.D.Cal.2009)).

As discussed above, Plaintiff has not adequately pled that Officer Mora's conduct amounted to excessive force. Without an underlying constitutional violation, Officers Cruz, Phelps, and Hodge cannot be held liable for their failure to intercede.

Moreover, the complaint lacks facts that Officers Cruz, Phelps, and Hodge were on notice that Plaintiff's constitutional rights had been or were being violated and had a realistic opportunity to intercede to prevent the alleged violation. It merely alleges that Officers Cruz, Phelps, and Hodge "just stood there" when Officer Mora grabbed her arm. It is not clear from the complaint whether the incident is alleged to have occurred in these officers' immediate presence or in close enough proximity to allow them a realistic opportunity to intercede. *See Anderson v. Hartley,* 2011 WL 5876913, at *2 (E.D. Cal. Nov. 22, 2011) (finding that a plaintiff adequately alleged a realistic opportunity to intercede where the complaint alleged the defendant was near enough to the incident itself to intercede."). Similarly, given the apparently short time period in which the incident is alleged to have taken place, *i.e.* while Plaintiff was producing documents from her vehicle, it is not clear whether Plaintiff alleges that Officers Cruz, Phelps, and Hodge had enough time to prevent the alleged violation. *See Knapps,* 647 F.Spp.2d at 1159-1160

(reasoning that a defendant did not have a realistic opportunity to intercede where the violation happened in a "short time period" and the defendants did not anticipate the use of force); *Mendez v. Montour,* 2014 WL 1218665, at *1-4 (N.D. Cal. Mar. 21, 2014) (finding no realistic opportunity to intercede where excessive force claim was based on officer's act of suddenly and unexpectedly knocking plaintiff to the ground then slamming plaintiff's head against a vehicle). Plaintiff therefore has not made the necessary showing that Officers Cruz, Phelps, and Hodge had a realistic opportunity to intercede.

### 4. Racial Insults

The complaint also alleges a claim under section 1983 for violation of Plaintiff's "right to be free from racial insults." (Doc. No. 1 at 3.) The Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. An equal protection violation occurs when persons similarly situated are unfairly treated differently. *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Additionally, 42 U.S.C. § 1981 provides, in part, that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory ... to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). As with § 1983 claims regarding Equal Protection, in order to prevail on a claim under Section 1981, a plaintiff "must show intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989).

However, allegations of verbal harassment and abuse alone are generally not actionable. *Walker v. Chisman,* 2019 WL 5536212, at *1 (N.D. Cal. Oct. 25, 2019). This is so even if the verbal harassment is racially motivated. *Hubbard v. Johnson,* 2019 WL 5579507, at *4 (N.D.

9

Cal. Oct. 29, 2019); *Walker,* 2019 WL 5536212, at *1; *see also, e.g., Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (noting that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment"); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) ("As for being subjected to abusive language directed at [one's] religious and ethnic background, verbal harassment or abuse...is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (internal quotations omitted) *abrogated on other grounds by Shakur,* 514 F.3d 878.

Plaintiff alleges that Officer Mora called her a racial slur after she attempted to produce documents from her vehicle. Plaintiff again fails to link Officers Cruz, Phelps, and Hodge to any direct participation in the conduct which allegedly violated her rights. While Plaintiff alleges that Officer Mora is Caucasian and she is African American with "Haitian Roots," the complaint only sets forth allegations of verbal harassment. Plaintiff does not allege any facts from which the Court could reasonably discern that Officer Mora or any other Defendant engaged in intentional discrimination based on race. Plaintiff has therefore failed to adequately allege a constitutional violation. Plaintiff is reminded that if she elects to amend her complaint she must provide sufficient factual detail to allow the Court to reasonably infer that **each** named Defendant is liable for the misconduct alleged. Conclusory assertions of liability will not suffice. *Iqbal*, 556 U.S. at 678.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend her complaint to cure these deficiencies to the extent she is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations

omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 10, 2020**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE