UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>  Plaintiff,<br><br>  v.<br><br>R.T. MORA, et al.,<br><br>  Defendants. | Case No. 1:19-cv-00210-DAD-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS**<br><br>(Doc. No. 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Georgette G. Purnell ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against Fresno County Police Officers R.T. Mora, Hodge, N. Cruz, and B. Phelps ("Defendants"), alleging violations of her civil rights under 42 U.S.C. § 1983. (Doc. Nos. 1, 5–6.) On January 10, 2020, the Court screened Plaintiff's complaint and Plaintiff was granted leave to amend. (Doc. No. 7.) On February 28, 2020, Plaintiff filed her First Amended Complaint. (Doc. No. 10.) Plaintiff's first amended complaint is currently before the Court for screening. For the reasons explained below, the Court finds that Plaintiff's complaint states only one cognizable claim and all other claims will be recommended for dismissal.

///

///

1

**I.     Screening Requirement and Standard**

The Court is permitted to screen complaints brought by litigants proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss,* 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff's complaint alleges that, on August 30, 2018, she was stopped by Officer R.T. Mora while driving her car near Lee Street in Fresno, California. Officer Mora questioned Plaintiff regarding her license plate, and she attempted to produce documents from her vehicle purportedly showing that another officer had recently informed her that she had six months to take care of her registration and/or license plate. Officer Mora "viciously" knocked her documents from her hands, used a racial slur ("nigger"), and stated "I do not want to see anything from you." (Doc. No. 10, p. 8.) Plaintiff alleges that Officer Mora then grabbed her arm and viciously twisted it, causing her to scream out in pain. Officers Cruz, Phelps, and Hodge were allegedly present and looking on during these events and did nothing to stop Officer Mora.

1  Plaintiff alleges that the incident lasted 20 to 30 seconds. (Doc. No. 10, p. 8.) Plaintiff alleges
2  that she was not resisting arrest at the time of the incident. Paramedics were called and she was
3  treated on the scene.  The exhibits to the complaint indicate that, at the time of the underlying
4  incident, Officer Cruz issued notices to appear to Plaintiff for driving with an expired registration
5  in violation of California Vehicle Code § 4000(a)(1) and resisting arrest in violation of California
6  Penal Code § 148.  Plaintiff alleges that the resisting arrest claim was later dismissed. Plaintiff
7  also alleges that photos of her arm were taken.

8  Plaintiff's complaint asserts claims under 42 U.S.C. § 1983 for violation of her right to be
9  free from excessive force by law enforcement and right to be free from racial insults. Plaintiff
10 seeks relief in the form of compensatory damages in the amount of one million dollars from each
11 defendant, punitive damages in the amount of one million dollars from each defendant, as well as
12 additional training for all defendants.

### III.    Discussion

#### A.    *Federal Rule of Civil Procedure 8*

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, the complaint or amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency,* 733 F.2d 646, 649 (9th Cir.1984). While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action...." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal quotations and citations omitted).

Plaintiff's complaint is short but does provide enough factual allegations to establish one claim. Plaintiff's first claim related to the excessive force allegedly used by Defendant Mora is simple, concise, and direct, and thus in compliance with Rule 8. Plaintiff's second claim fails to comply with Rule 8. The facts involving Officers Cruz, Phelps, and Hodge, are threadbare and lack any support for a cognizable claim. Plaintiff only amended her complaint to add one

additional fact, that the event lasted approximately 20 to 30 seconds, and that additional fact is not sufficient to establish a claim. (Doc. No. 10, p. 8.)  Plaintiff's third claim, regarding the use of racial insults, complies with Rule 8, however, it contains other deficiencies.

### B. *Section 1983*

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988); *Ketchum v. Alameda Cty.,* 811 F.2d 1243, 1245 (9th Cir. 1987).

#### 1. Fourth Amendment—Excessive Force Against Officer Mora

The use of excessive force by law enforcement officers in effectuating an arrest states a valid claim under section 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986).  A claim that a law enforcement officer used excessive force in the course of an arrest or investigatory stop of a free citizen is analyzed under the Fourth Amendment reasonableness standard.  *Graham v. Connor,* 490 U.S. 386, 394–95, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham,* 490 U.S. at 396 (citations omitted). Whether a law enforcement officer's use of force was "objectively reasonable" depends upon the totality of the facts and circumstances confronting him. *Smith v. City of Hemet,* 394 F.3d 689, 701 (9th Cir.) (en banc) (quoting *Graham,* 490 U.S. at 397), cert. denied, 545 U.S. 1128 (2005).

"The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham,* 490 U.S. at 397 (citation omitted).  Reasonableness must be assessed from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and must allow for the fact that "police officers are often forced to make split-second judgments-

4

in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Graham,* 490 U.S. 397.  The relevant factors in the Fourth Amendment reasonableness inquiry include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396. While these are the most common considerations, they are not "a magical on/off switch that triggers rigid preconditions" to determine whether an officer's conduct constituted excessive force. *Scott v. Harris,* 550 U.S. 372, 127 S. Ct. 1769, 1777, 167 L.Ed.2d 686 (2007).  Consequently, courts consider other factors, such as the availability of alternative methods of capturing or detaining the suspect in determining reasonableness. *Chew v. Gates,* 27 F.3d 1432, 1441 (9th Cir.1994), cert. denied, 513 U.S. 1148, 115 S. Ct. 1097, 130 L.Ed.2d 1065 (1995).

Here, Plaintiff alleges that she attempted to show Officer Mora documentation in response to questioning regarding her registration and he "viciously" knocked her documents from her hands, grabbed her arm, and "viciously twisted it . . . which caused [her] to scream out in pain." (Doc. No. 10, p. 8.)  An ambulance was called, and Plaintiff was treated on the scene for a sprained arm.  (*Id.* at 25.) The complaint also states that Plaintiff was cited for resisting arrest. However, the citation for resisting arrest was later dismissed.  The Court finds that Plaintiff has stated a cognizable claim against Officer Mora for excessive force.

### 2. Fourth Amendment—Failure to Intercede against Officers Cruz, Phelps and Hodge

In the original complaint, Plaintiff alleged a claim arising under the Fourth Amendment against Officers Cruz, Phelps, and Hodge for their failure to intercede. In Plaintiff's First Amended Complaint, she again alleges that Officers Cruz, Phelps, and Hodge failed to intercede, though it is not clear that she is alleging it as a separate and distinct claim. However, Plaintiff is proceeding *pro se* and her complaint is to be liberally construed. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).  The complaint alleges that Officer Mora "viciously twisted" Plaintiff's

5

arm while Officers Cruz, Phelps, and Hodge "just stood there looking on" and "they did nothing throughout the whole ordeal". (Doc. No. 10, p. 8.)

"[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000), *as amended* (Oct. 31, 2000) (*citing United States v. Koon,* 34 F.3d 1416, 1447 n.25 (9th Cir.1994), *rev'd on other grounds,* 518 U.S. 81 (1996)).  Therefore, an officer may be held liable for failing to intercede when his fellow officer uses excessive force.  *See id.; Garlick v. County of Kern,* 167 F.Supp.3d 1117, 1161 (E.D. Cal. 2016).  However, an officer can only be held liable for failing to intercede if the officer had a "realistic opportunity" to intercede. *Cunningham,* 228 F.3d at 1290; *Garlick*, 167 F. Supp. 3d at 1161.  Officers who are not present at the time of a constitutional violation have no realistic opportunity to intercede. *Cunningham,* 228 F.3d at 1290.  "In addition, if a constitutional violation occurs too quickly, there may no realistic opportunity to intercede to prevent the violation." *Freeland v. Sacramento City Police Dep't*, 2010 WL 409838, at *5 (E.D. Cal. Jan. 29, 2010) (*citing Knapps v. City of Oakland,* 647 F. Supp. 2d 1129, 1159–60 (N.D. Cal. 2009).

The complaint lacks factual allegations that Officers Cruz, Phelps, and Hodge were on notice that Plaintiff's constitutional rights had been or were being deprived.  It merely alleges that Officers Cruz, Phelps, and Hodge "just stood right there" when Officer Mora grabbed her arm. (Doc. No. 10, p. 8.) The only additional facts alleged in the First Amended Complaint state that the "ordeal" lasted "approximately 20 to 30 seconds." (*Id.*) However, there are no factual allegations that the other defendants could have interceded. Plaintiff has not alleged any facts as to the defendants' location in proximity to her and Officer Mora. Thus, Plaintiff has again failed to allege sufficient facts to support a cognizable claim for failure to intercede.  *See Anderson v. Hartley,* 2011 WL 5876913, at *2 (E.D. Cal. Nov. 22, 2011) (finding that a plaintiff adequately alleged a realistic opportunity to intercede where the complaint alleged the defendant was near enough to the incident itself to intercede.").

Further, as alleged, Plaintiff asserts that she was not resisting the officers at the time. The event only lasted 20 to 30 seconds, and the alleged facts do not support that Officers Cruz,

6

Phelps, and Hodge should have anticipated the events.  *See Knapps,* 647 F.Spp.2d at 1159–60 (reasoning that a defendant did not have a realistic opportunity to intercede where the violation happened in a "short time period" and the plaintiff did not resist, indicating that the defendants did not anticipate the use of force); *Mendez v. Montour,* 2014 WL 1218665, at *1–4 (N.D. Cal. Mar. 21, 2014) (finding no realistic opportunity to intercede where excessive force claim was based on officer's act of suddenly and unexpectedly knocking plaintiff to the ground and then slamming plaintiff's head against the police vehicle).  Plaintiff's First Amended Complaint fails to rectify the deficiencies identified in the original complaint. Thus, Plaintiff has failed to state a cognizable claim against Officers Cruz, Phelps, and Hodge, and these defendants should be dismissed.

### 3. Racial Insults

The complaint also alleges a claim under section 1983 for violation of Plaintiff's Fourteenth Amendment rights by use of a racial slur. The Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. An equal protection violation occurs when persons similarly situated are unfairly treated differently. *See Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008).  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Additionally, 42 U.S.C. § 1981 provides, in part, that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory ... to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). As with § 1983 claims regarding Equal Protection, in order to prevail on a claim under Section 1981, a plaintiff "must show intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). However, the rights protected by § 1981 is broad, Section 1981 protect against both private and state action, regardless of whether the actor was acting in his official capacity as a state official or not. *Anderson v. Conboy,* 156 F.3d 167, 170 (2nd Cir. 1998).

Allegations of verbal harassment and abuse alone are not actionable under section 1983. *Walker v. Chisman,* 2019 WL 5536212, at *1 (N.D. Cal. Oct. 25, 2019). This is so even if the verbal harassment is racially motivated. *Id.*; *Hubbard v. Johnson,* 2019 WL 5579507, at *4 (N.D. Cal. Oct. 29, 2019); *see also, e.g., Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (noting that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment"); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) ("As for being subjected to abusive language directed at [one's] religious and ethnic background, verbal harassment or abuse...is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (internal quotations omitted) *abrogated on other grounds by Shakur*, 514 F.3d 878.

However, allegations of verbal harassment and abuse may be actionable under 42 U.S.C. § 1981. *See McGinest v. GTE Serv. Corp.,* 360 F.3d 1103, 118 (9th Cir. 2004); *Mility v. City of Kern,* 2018 WL 3753021 (E.D. Cal. 2018). Plaintiff, however, does not need to establish that Defendant Mora was acting in his official capacity as a police officer when he used the racial slur. As stated above, to prevail on a § 1981 claims, a plaintiff must establish intentional discrimination on account of race. *Evans,* 869 F.2d at 1344. In the context of a traffic stop, a plaintiff must establish that the stop was motivated by purposeful discrimination. *See Washington v. Simpson,* 806 F.2d192 (8th Cir. 1986) (citing *General Building Contractors Assn. v. Pennsylvania,* 458 U.S. 375, 391 (1982)).

Courts within the Ninth Circuit have recognized that the use of racial slurs, including "nigger," may establish a claim under § 1981. *See Mility,* 2018 WL 3753021 at *12-13. The Ninth Circuit has further recognized that the word, is highly offensive, demeaning, and evokes a

racial history of violence, brutality, and subordination. *McGinest,* 360 F.3d at 1116. Use of the word is a clear showing of racial animus. *Id.* ("It is beyond question that the use of the word 'nigger' is highly offensive and demeaning, evoking a history of racial violence, brutality, and subordination. This word is perhaps the most offensive and inflammatory racial slur in English, ... a word expressive of racial hatred and bigotry.")

As to a claim under 42 U.S.C. § 1983, Plaintiff's First Amended Complaint fails to remedy the issues pointed to in her original complaint. Plaintiff again only alleges that there was verbal harassment. Plaintiff has therefore failed to adequately allege a constitutional violation under § 1983. However, Plaintiff alleges that Defendant Mora used the word "nigger" during the incident, and under § 1981, use of the racial slur "nigger" may establish a claim under § 1981. The Court finds that the Plaintiff has alleged sufficient facts to state a cognizable claim under 42 U.S.C. § 1981.

### IV.     Conclusion and Recommendation

The Court finds that Plaintiff has stated a cognizable claim against Defendant Mora for use of excessive force in effectuating an arrest in violation of the Fourth Amendment and a claim under Section 1981.  However, Plaintiff has failed to state any other cognizable claims.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in her complaint and further leave will not be granted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY RECOMMENDED as follows:

1.     This action proceed on the following cognizable claims: (1) Plaintiff's Fourth Amendment claim against Defendant Mora for use of excessive force in effectuating an arrest and (2) Plaintiff's 42 U.S.C. § 1981 claim against Defendant Mora for use of a racial insult, as set forth in Plaintiff's first amended complaint filed on February 28, 2020; and

2.     All other claims and defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within

**fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 5, 2021**                    /s/ Barbara A. McAuliffe
                                             UNITED STATES MAGISTRATE JUDGE