# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO POLICE OFFICERS: RT MORA #772 HODGE #76; N. CRUZ #1932; B. PHELPS #1082,<br><br>Defendants. | Case No. 1:19-cv-00210-KES-BAM<br><br>**ORDER DENYING DEFENDANT R.T. MORA'S REQUEST TO SEAL DOCUMENTS**<br><br>(Docs. 30, 33) |

Currently before the Court is Defendant R.T. Mora's ("Officer Mora" or "Defendant") request to file under seal a redacted video from Officer Mora's body worn camera of the incident that is the subject matter of this action. (Doc. 26.) The video was taken August 30, 2018 and is being submitted in support of Officer Mora's pending motion for partial judgement on the pleadings. (*Id*.)

For the reasons that follow, Defendant's request is **DENIED**.

## I. Procedural History

Plaintiff Georgette G. Purnell ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this civil action on February 13, 2019. (Doc. 1.) On September 20, 2021, Officer Mora

1

filed his motion for partial judgment on the pleadings.[1] (Doc. 26.) On the same day, Officer Mora filed a request to seal documents pursuant to Local Rule 141, requesting that the Court issue an order for the redacted copy of the August 30, 2018 video from Officer Mora's body worn camera to be filed under seal. (Doc. 30 ¶ 1.) Officer Mora provided copies of the request to seal, the proposed order, and a copy of the redacted video on a flash drive to this Court and Plaintiff by overnight delivery service. (Docs. 28, 30.)

On October 5, 2021, Plaintiff filed her objection to Officer Mora's request to seal the video. (Doc. 33.) Plaintiff asks that the Court deny Officer Mora's request to seal and "order this document unsealed and unredacted to be served upon Plaintiff in its original form reflecting the incident in its entirety and as it occurred." (*Id.* at 1.)

**II. Discussion**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "[J]udicial records are public documents almost by definition, and the public is entitled to access by default." *Id.* at 1180. This "federal common law right of access" to court documents generally extends to "all information filed with the court," and "creates a strong presumption in favor of access to judicial documents which can be overcome only by showing sufficiently important countervailing interests." *Phillips ex. Rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002) (citations and quotation marks omitted).

Two standards govern whether documents should be sealed: a "compelling reasons" standard, which applies to dispositive motions, and a "good cause" standard, which applies to non-dispositive motions. *Kamakana*, 447 F.3d at 1179; *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010). The "compelling reasons" standard, which is applicable here, presents a higher burden for the party wishing to seal documents. *Pintos*, 605 F.3d at 679.

Defendant asserts that it is necessary to file the video under seal "to protect the privacy of

---

[1] The motion was referred to the undersigned on May 14, 2025. (Doc. 59.)

2

third party witnesses and non-party officers who are depicted on the video." (Doc. 30 ¶ 2.) Defendant further notes that "this redacted video was previously filed under seal in the matter of *Georgette Purnell v. City of Sunnyvale, et al.*, U.S.D.C. Northern District of California Case No. 5:18-cv-02113-EJD, to protect the privacy interests of non-party officers and witnesses." (*Id.*)

In response, Plaintiff argues that "[b]ecause the plaintiff has already mentioned this document in her well pled complaint with would show her claims are genuine, any sealing and or [sic] redaction thereof in any shape, form, and fashion, would not only serve to diminish her ability to prove her case, such would for a surity [sic] offend due process." (Doc. 33 at 1.)

The Court has reviewed the redacted video provided. The Court finds that Defendant has not shown a "compelling reason" to rebut the "strong presumption in favor of public access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)). Defendant argues that sealing is necessary to protect the privacy of witnesses and non-party officers, (Doc. 30 ¶ 2), but the faces and badges of police officers and witnesses are redacted in the video that was provided to the Court. The only face that is not blurred is that of Plaintiff. Whether the video was sealed in another case does not reduce Defendant's burden here. *Kamakana*, 447 F.3d at 1179 ("The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order.") Because the redacted video does not reveal the identity of third party witnesses or non-party officers, Defendant has not provided a compelling reason to seal the video.

### III. Conclusion and Order

The Court finds that Defendant has not shown a compelling reason for the video to be sealed. For the reasons stated, Defendant's request to seal documents (Doc. 30) is **DENIED**.

IT IS SO ORDERED.

Dated:  **August 13, 2025**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

3