UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGETTE G. PURNELL,<br><br>           Plaintiff,<br><br>    v.<br><br>R.T. MORA,<br><br>           Defendant. | Case No.  1:19-cv-00210-KES-BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 26, 29, 26, 62) |

      Plaintiff Georgette G. Purnell, proceeding pro se and in forma pauperis, initiated this civil action on February 13, 2019. Doc. 1. On February 28, 2020, plaintiff filed a first amended complaint. Doc. 10. On January 5, 2021, the magistrate judge screened plaintiff's first amended complaint and recommended that the action proceed on plaintiff's (1) Fourth Amendment claim against defendant Mora for use of excessive force in effectuating an arrest, and (2) 42 U.S.C. § 1981 claim against Mora for use of a racial insult. Doc. 15. The magistrate judge recommended that all other claims and defendants be dismissed from this action. *Id.* On February 2, 2021, the then assigned district judge issued an order adopting the January 5, 2021 findings and recommendations in full. Doc. 16. Defendant Mora subsequently filed a motion for partial judgment on the pleadings, Doc. 26, a motion for sanctions against plaintiff seeking $2,520 for attorney's fees, Doc. 29, and a motion for summary judgment, Doc 36. The matter

was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 11, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion for summary judgment be granted, defendant's motion for partial judgment on the pleadings be denied as moot, and defendant's motion for sanctions be denied. Doc. 62. The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. *Id.* at 23. On September 24, 2025, plaintiff filed objections to the findings and recommendations. Doc. 63. Defendant filed a response to plaintiff's objections on October 8, 2025. Doc. 64.

In accordance with 28 U.S.C. § 636 (b)(1), this Court has conducted a de novo review of the case. The findings and recommendations properly conclude that, when viewing the evidence in the light most favorable to plaintiff, defendant's use of force was reasonable under the totality of the circumstances and therefore plaintiff's Fourth Amendment claim fails as a matter of law. Doc. 62 at 13-19. The findings and recommendations also properly found that the video evidence did not show that defendant used a racial slur, and that plaintiff failed to raise a triable issue of fact from which a jury could find that defendant's conduct was motivated by racial animus. Doc. 63 at 19-21. Because plaintiff failed to present evidence of racial animus, plaintiff's construed 42 U.S.C. § 1981 claim also fails as a matter of law. *See Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989) (a Section 1981 claim requires that a plaintiff show intentional discrimination on account of race).

In her objections, plaintiff argues that her verified complaint raises triable issues of fact that preclude summary judgment. Doc. 63. However, the magistrate judge properly relied on the video evidence of the incident in ruling on the motion for summary judgment. *See Hernandez v. Town of Gilbert*, 989 F.3d 739, 746 (9th Cir. 2021) (although the facts are viewed in the light most favorable to the non-moving party at the summary judgment stage, the Court is not required to accept a version of events that is "'clearly contradict[ed]' by a video in the record."). Although plaintiff argues that the video camera was not properly authenticated, defendant submitted a

declaration attesting that the video evidence is a true and correct copy of footage taken from his body worn camera, Doc. 36-2, and plaintiff fails to provide any basis to question the authenticity of the video. In her objections, plaintiff also argues that the stop was illegal, but as the findings and recommendations note, the stop was warranted due to the expired registration tags. *See* 62 at 18-19. Having carefully reviewed the matter, including plaintiff's objections and defendant's response, the Court finds that the findings and recommendations are supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued on September 11, 2025 (Doc. 62) are adopted in full;
2. Defendant's motion for summary judgment (Doc. 36) is granted;
3. Defendant's motion for partial judgment on the pleadings (Doc. 26) is denied as moot; and
4. Defendant's motion for sanctions (Doc. 29) is denied.
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:     November 9, 2025

_____
UNITED STATES DISTRICT JUDGE

3